IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERICKY ARNEZZ BOGUES #327-505 * | |
| Plaintiff, | |
| v. * | CIVIL ACTION NO. CCB-11-964 |
| WARDEN, et al.,[1] * | |
| Defendants | |

**MEMORANDUM**

Plaintiff's complaint, as amended, alleges that he is subjected to mistreatment in retaliation for filing previous lawsuits against North Branch Correctional Institution (NBCI) personnel.[2] He complains that defendant Harbaugh confined him in isolation for four days after a strip search during which officers were permitted to belittle him. He also claims that at unspecified times he did not get meals or showers. Plaintiff alleges that his legal mail is tampered with, and officers use threatening or harassing language toward him. He further complains that on March 21, 2011, a sergeant told an officer to close the slot of the cell door on his arm, causing injury.[3] ECF Nos. 1 and 3.

---

[1] The Clerk shall amend the docket to reflect the defendants as Warden Bobby P. Shearin, Sergeant James Smith, Sergeant George McAlpine, CO Joshua Pritts, CO Leroy Conrad, CO Joseph Tindal, CO Benjamin Friend, CO Randolph Keefer, CO Nathaniel Passman, CO John Portmess, CO Ryan Heselbach, and Lieutenant Jason Harbaugh.

[2] Plaintiff also claims he has been denied an opportunity to press criminal charges against an officer who allegedly twisted his leg following surgery, causing additional damage to the limb. That allegation is among the claims pending in *Bogues v. McAlpine, et al.,* Civil Action No. CCB-11-463 (D. Md.). It shall not be addressed here.

[3] Plaintiff also requests appointment of counsel. (ECF No. 12) A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[3] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole,* 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*. The court finds that plaintiff has demonstrated the ability to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending are not unduly complicated and there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under §1915(e)(1).

Pending is defendants' unopposed[4] motion to dismiss or for summary judgment.[5] ECF No. 16. Upon review of the papers filed, the court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

**Standard of Review**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 554 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" *Id*. at 557-558 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *Takacs v. Fiore*, 473 F.Supp.2d 647, 651 (D. Md. 2007).

---

[4] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on August 24, 2011, plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No. 17. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.* Plaintiff failed to respond.

[5] Defendants' motion for extension of time to file the dispositive motion (ECF No. 11) shall be granted nunc pro tunc.

2

**Analysis**

<u>Exhaustion of Administrative Remedies</u>

Defendants assert, inter alia, that plaintiff has failed to properly exhaust administrative remedies with respect to any of his claims, as required under the Prison Litigation Reform Act (PLRA). The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that plaintiff is aggrieved by a single occurrence or by a plethora of problems presented in the context of a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

In Maryland, filing a request for Administrative Remedy Procedure (ARP) with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction.[6] If this request is denied, the prisoner must then file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner must proceed to the third level of review by filing an appeal to the Executive Director of the IGO. *See* Division of Correction Directive 185-002.VI.L-N (copy attached); *see also* Md. Code Ann. Corr. Serv. §§ 10-201 to 10-209.

Plaintiff states he has not yet received a response from the Commissioner concerning

---

[6] Complaints concerning some grievance, such as case management actions, proceed differently. *See* ECF No. 16, Exhibit 12, Division of Correction Directive (DCD) 185-002(VI)(C ). Such actions are not at issue here.

appeals of the ARPs attached to the complaint.[7]  ECF No. 3 at 2.  He does not, however, contest defendants' assertion that ARP appeals concerning the matters alleged in this case were never received by the Commissioner or that he ever submitted his grievances to the IGO.  While this court may be obligated to ensure that any "defects in exhaustion were not procured from the action or inaction of prison officials," *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007), there is no allegation that plaintiff, through no fault of his own, was prevented from availing himself of the ARP process.  *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).  Instead, plaintiff at best may still be winding his way through the ARP process at the appellate level (a situation denied by defendants in signed affidavits, *see* ECF No. 16, Exhibits A and B) or, at worst, may have failed to follow through with the full ARP process offered by the DOC.  Therefore, the case shall be dismissed without prejudice for failure to exhaust administrative remedies shall be granted.

      A separate order shall be entered in accordance with this Memorandum.


September 23, 2011                                                         /s/
Date                                                                                  Catherine C. Blake
                                                                                        United States District Judge

---

[7] Those ARPs include the following: (1) a March 21, 2011 complaint to the Warden concerning Officers Whetstone, Heselbach and Friend concerning a failure to provide food and mail on several occasions; generally acted with discrimination and threatened him; and poked fun at him after he returned from surgery on January 11, 2011; (2) a March 29, 2011 complaint to the Warden concerning name-calling and denial of showers by Officers Wiltstone and Grubb; (3) and a March 17, 2011 complaint to the Warden concerning a January 18, 2011 incident wherein Officers McAlpine, Smith, Harbaugh and Wilson took his crutches away following recent knee surgery.  Plaintiff does not demonstrate that all of the claims alleged in his complaint as supplemented (such as his claim concerning the alleged March 21, 2011 closing of the food slot door on his arm, were presented to the Warden, and he provides no evidence to refute defendant's uncontroverted affidavits stating that none of the ARPs attached to the original complaint proceeded to the Commissioner or the IGO.